UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMET WFW LIMITED PARTNERSHIP AND HAVENER RUPERT, LTD.<br>*Plaintiff,*<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, ERIKA GEBHARDT, CRAIG WHITE AND STEVE STEWART,<br>*Defendant.* | § § § § § § § § § | CIVIL ACTION NO._____ |

**DEFENDANTS LIBERTY MUTUAL FIRE INSURANCE COMPANY, ERIKA GEBHARDT, CRAIG WHITE AND STEVE STEWART'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Liberty Mutual Fire Insurance Company ("Liberty"), Erika Gebhardt ("Gebhardt"), Craig White ("White") and Steve Stewart ("Stewart") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

I.
**INTRODUCTION**

1. Plaintiff Armet WFW Limited Partnership and Havener Rupert, Ltd. ("Plaintiff) commenced this lawsuit on May 23, 2017, by filing Plaintiffs Original Petition and Jury Demand ("Petition") in the 342nd District Court of Tarrant County, Texas.

2. Plaintiff's Petition names Liberty Mutual Fire Insurance Company ("Liberty"), Erika Gebhardt ("Gebhardt"), Craig White ("White") and Steve Stewart ("Stewart") as Defendants. Gebhardt, White and Stewart were adjusters assigned to Plaintiff's insurance claim made the basis of this lawsuit.

3. Plaintiff's Petition includes the following causes of action against Gebhardt, White and Stewart:

- Unfair Settlement Practices under §541.060(a) of the Texas Insurance Code[1]

4. Gebhardt, White and Stewart were served with Plaintiff's Petition on July 10, 2017. Liberty was served with Plaintiff's Petition on June 28, 2017.

5. Liberty, Gebhardt, White and Stewart files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Gebhardt, White and Stewart need not consent to removal as Liberty contends that Gebhardt, White and Stewart were improperly joined. However, to the extent necessary, Gebhardt, White and Stewart consents to this Notice of Removal as the undersigned attorneys represents Liberty, Gebhardt, White and Stewart.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

### A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Liberty.

9. Plaintiff is a Texas partnership and entity domiciled in Fort Worth, Texas. Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[1] See Plaintiff's Petition p.6-11).

DEFENDANTS NOTICE OF REMOVAL
2

10. Liberty is an insurance carrier organized under the laws of the State of Wisconsin with its principal place of business at 175 Berkeley Street, Boston Massachusetts. Thus, Liberty is diverse for Federal Court jurisdiction purposes.

11. Gebhardt is a resident of the State of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Gebhardt in this lawsuit. Gebhardt's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Liberty (now and on the date Plaintiff filed this lawsuit).

12. White and Stewart are residents of the State of Pennsylvania and have been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from White and Stewart in this lawsuit. But, since White and Stewart are Pennsylvania citizens, diversity exists for Federal Court jurisdictional purposes.

(i) *Plaintiff improperly joined Gebhardt, White and Stewart to defeat this Court's diversity jurisdiction.*

13. Defendants such as Gebhardt, White and Stewart are improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[2] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[3] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[4]

14. Per the Fifth Circuit, the improper joinder analysis requires an examination of

---

[2] *Smallwood. v Ill. Cent. RR Co.,* 385 F.3d 568,573 (5th Cir. 2004) (en banc).

[3] *See id.*

[4] *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

DEFENDANTS NOTICE OF REMOVAL
3

Plaintiff's Petition under the Federal pleading standard.[5] This requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."[6] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

15. As set forth below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against Gebhardt, White and Stewart in this lawsuit. Each cause of action asserted against Gebhardt, White and Stewart only details a speculative and hypothetical right to recovery.

  *(ii)* *Plaintiff has no reasonable possibility of recovery against Gebhardt, White and Stewart for violations of Chapter 541 of the Texas Insurance Code.*

16. Plaintiff's Petition alleges that Gebhardt, White and Stewart committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(1) - misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) - failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) - failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation.[8]

---

5 *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas,* 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a non-diverse defendant.").

6 *Petree,* 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 570 (2007)).

7 *Twombly,* 550 U.S. at 555.

8 *See* Plaintiff's Original Petition at pp. 5-9.

17. However, the courts of this District have found each of these *exact* allegations insufficient to support an independent cause of action against adjusters like Gebhardt, White and Stewart.[9] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[10] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage.[11] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[12] Absent actual damages, other than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[13]

18. Here, Plaintiff's Petition includes a group of alleged statutory violations under Chapter 541 of the Texas Insurance Code against Gebhardt, White and Stewart, but the Petition fails to explain how Gebhardt, White and Stewart 's alleged conduct gave rise to any injury distinct from unpaid Liberty policy benefits. Instead, the crux of Plaintiff's factual allegations against Gebhardt, White and Stewart relate directly to unpaid policy benefits. Plaintiff's factual allegations against Gebhardt, White and Stewart repeatedly highlight the "improper denial" of policy benefits, largely through a coverage decision letter issued by Liberty that set forth Liberty's coverage determination.[14] Plaintiff has not pied any facts demonstrating an additional and independent injury, meaning Plaintiff does not have a reasonable possibility of recovery against Gebhardt, White and Stewart under Chapter 541 of the Texas Insurance Code. And, even more so and of importance here, Defendant Gebhardt is the only non-diverse Defendant whom by Plaintiff's own admission was only initially and briefly involved in the adjustment of Plaintiff's claim and who was not involved in the bulk of Defendant Liberty's investigation and coverage decision *(See Plaintiff's petition at p.4.)* Therefore, in the

DEFENDANTS NOTICE OF REMOVAL
5

alternative and to the extent the Court determines Plaintiff has valid claims against the Adjusters White and Stewart, the Plaintiff has no reasonable possibility to recover against non-diverse adjuster Gebhardt under Article 541 of the Texas Insurance Code as she was not involved in any substantive investigation or decision as Plaintiff's claim made by Defendant Liberty.

---

9   See, e.g., *Together 6 LLC v. Burlington Ins. Co.*, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

10   *Messersmith v. Natiomvide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

11   *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v.State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

12   *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

13   *See, e.g., Messersmith*, 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

14   *See, e.g.,* Plaintiffs Original Petition.

DEFENDANTS NOTICE OF REMOVAL
6

### *(iii)   Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.*

19.   Not only has Plaintiff failed to demonstrate a reasonable possibility of recovery from Gebhardt, White and Stewart, but Plaintiff's Petition also bears a "badge of improper joinder" recognized by some Courts.[15] In particular, Plaintiff has no "plausible reason for suing [Gebhardt, White and Stewart] other than to defeat diversity jurisdiction."[16] There is no credible reason why a favorable judgment on Plaintiff's claims against Liberty (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by Plaintiff against Gebhardt, White and Stewart would provide any financial gain to Plaintiff."[17] Because the core of Plaintiff's Petition is that Liberty failed to pay what Plaintiff feels it is owed under the Liberty policy, it is clear that Plaintiff's claims against Gebhardt, White and Stewart are intended solely to deprive this Court of jurisdiction.

---

[15]   *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.).

[16]   *See Plascencia.*

[17]   *Id.* at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

---

B.  **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

20.  If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Liberty's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[18]

21.  Here, Plaintiff's Petition states that Plaintiff seeks to recover over $1,000,000.[19] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

22.  Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Gebhardt, White and Stewart. Accordingly, Gebhardt, White and Stewart's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Liberty, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

23.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

24.  As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a.  an index of all documents that clearly identifies each document and indicates the date the document was filed in state court;

---

[18] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[19] Plaintiff's Original Petition at p. 2.

    b.    a copy of the docket sheet in the state court action;

    c.    each document filed in the state court action, except discovery material (if filed on paper, each document must be individually tabbed and arranged in chronological order according to the state court file date; if filed by electronic means, each document must be filed as a separate attachment); and

    d.    a separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e).

25.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

WHEREFORE, Defendants Liberty Mutual Fire Insurance Company, Erika Gebhardt, Craig White and Steve Stewart requests that this action be removed from the 342nd District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
E-mail: davidchumbleypc@gmail.com
**ATTORNEY FOR DEFENDANTS
LIBERTY MUTUAL FIRE INSURANCE
COMPANY, ERIKA GEBHARDT, CRAIG WHITE
AND STEVE STEWART**

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Andrew Woellner
The Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 14900
Houston, Texas 77098

_____
David Chumbley