

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARMET WFW LIMITED PARTNERSHIP § <br> AND HAVENER RUPERT, LTD § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> § Civil Action No.: 4:17-CV-615-A <br> § <br> LIBERTY MUTUAL FIRE INSURANCE § <br> COMPANY, ERIKA GEBHARDT, CRAIG § <br> WHITE, AND STEVE STEWART. § <br> *Defendants.* § <br> § | |

### PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Armet WFW Limited Partnership and Havener Rupert, LTD (hereinafter referred to as "Plaintiffs"), and file this First Amended Complaint against Defendants, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Craig White ("White"), Erika Gebhardt ("Gebhardt"), Steve Stewart ("Stewart") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.  Plaintiff, Armet WFW Limited Partnership, is a Texas partnership domiciled in Fort Worth, Tarrant County, Texas.

2.  Plaintiff, Havener Rupert, LTD, is a Texas entity domiciled in Fort Worth, Tarrant County, Texas.

1

3. Defendant, Liberty Mutual Fire Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant has been served and answered.

4. Defendant, Craig White, is an individual residing in and domiciled in the State of Pennsylvania. This defendant has been served and answered.

5. Defendant Erika Gebhardt is an individual residing in and domiciled in the State of Texas. This defendant has been served and answered.

6. Defendant Steve Stewart is an individual residing in and domiciled in the State of Pennsylvania. This defendant has been served and answered.

## JURISDICTION

7. The Court has jurisdiction over this controversy because the damages are in excess of $75,000.

8. The Court has jurisdiction over Defendant, Liberty Mutual, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant, Craig White, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant, Steve Stewart, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

11. The Court has jurisdiction over Defendant, Erika Gebhardt, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

12. Venue is proper in this district because a substantial part of the events giving rise to this Complaint occurred within this district. Venue is therefore proper pursuant to 28 U.S.C. 1391(b)(2).

## FACTS

13. Plaintiffs are the owners of a property insurance policy ("the Policy") number YU2-Z91-463183-035 issued by Liberty Mutual. Havener Rupert, LTD is the named insured on the Policy and Armet WFW Limited Partnership is an additional insured.

14. Plaintiff Armet WFW Limited Partnership owns two insured properties located at 7501 and 7511 Calmont Ave, Fort Worth, Tarrant County (hereinafter referred to as "the Property"). Liberty Mutual sold the Policy insuring the Property to Plaintiff.

15. On or about March 17, 2016, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property extensively, causing damage to the commercial property's roof and interior. Specifically, the hail caused damage to the commercial roof field and roofing components, resulting in interior water damage to the building's hallways, offices, and warehouses. The damage was so severe that Plaintiffs' entire roof is in need of replacement.

3

16. Immediately after the Storm, Plaintiffs submitted a claim to Liberty Mutual for the damage the two properties sustained as a result of the Storm. Liberty Mutual acknowledged the claim and assigned it claim number 281663100. Plaintiffs requested that Defendants cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

17. Defendant Liberty Mutual began its investigation of the claim by assigning Gebhardt as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim. After under reporting the extent of the damage to the Property, Gebhardt disclosed that she was inexperienced and unqualified for the assignment. Gebhardt made the decision to inspect and report on the extent of the damage despite knowing she was not qualified to do so.

18. Liberty Mutual then assigned Defendant Craig White to adjust the claim. Mr. White also failed to perform a thorough investigation of the claim and ignored material evidence of large hail impacts. Mr. White ignored photographs of large hail impacts in the ground surrounding the property while reporting there were only superficial hail strikes to the roof. Mr. White's outcome oriented investigation failed to even produce estimate he could provide the insured. Mr. White also engaged the services of another adjuster, Steve Stewart, who misrepresented the extent of the damage and replacement cost value of the claim. Defendant Stewart, without ever physically visiting the property, engaged a construction company to document only damage to metal components of the roof and the flashing. None of the Defendant adjusters provided the required explanation of covered damages to Plaintiffs. Combined, these three adjusters failed to pay the full value of the damage to the Property, and misrepresented the extent of the damage to the Property.

19.     Liberty Mutual and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiffs' claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were wrongfully denied on the claim and have suffered damages.

20.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claim. As a result of Defendants' unreasonable investigation, Plaintiffs' claim was improperly adjusted, and Plaintiffs were wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment that it is entitled to under the Policy.

21.     As detailed in the paragraphs below, Liberty Mutual wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

22.     To date, Liberty Mutual continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to the Property.

23.     Defendant Liberty Mutual failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by Plaintiffs. Liberty Mutual's conduct constitutes a breach of the insurance contract between Liberty Mutual and Plaintiffs.

24. Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

25. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

26. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

27. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

28. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

29. Defendant Liberty Mutual failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

30. Defendant Liberty Mutual failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Liberty Mutual inspected the property on April 7, 2016, April 8, 2016, and January 16, 2017, and had everything it need to come to a reasonable assessment of the damages after the first visit. Depsite this, the full amount of the uncontested cost to repair was not tendered until February 21, 2017. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

31. Defendant Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, as outlined in paragraph 3, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not

received full payment for the claim. Liberty Mutual's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

32. From and after the time Plaintiffs' claim was presented to Defendant Liberty Mutual, the liability of Liberty Mutual to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Liberty Mutual has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Liberty Mutual' conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

34. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

35. Plaintiffs' experience is not an isolated case. The acts and omissions Liberty Mutual committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty Mutual with regard to handling these types of claims. Liberty Mutual's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

36. Each of the foregoing paragraphs is incorporated by reference in the following:

**I.   Causes of Action Against Craig White, Erika Gebhardt, and Steve Stewart.**

37.     Liberty Mutual assigned adjusters Craig White, Erika Gebhardt, and Steve Stewart to adjust this claim. These adjusters were improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiffs' damages. Neither Craig White, Erika Gebhardt, nor Steve Stewart properly assessed all of the damage caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Defendant Erika Gebhardt stated that she was not qualified to adjust this claim, yet disregarded this fact and did so anyway. Defendant White's outcome oriented investigation failed to even produce estimate he could provide the insured. Mr. White also engaged the services of another adjuster, Steve Stewart, who misrepresented the extent of the damage and replacement cost value of the claim. Defendant Stewart, without ever physically visiting the property, engaged a construction company to document only damage to metal components of the roof and the flashing. None of the Defendant adjusters provided the required explanation of covered damages to Plaintiffs.

**A.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

38.     Defendant White, Gebhardt, and Stewart's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

39.     Defendant White, Gebhardt, and Stewart are individually liable for his unfair and deceptive acts, irrespective of the fact they were acting on behalf of Liberty Mutual, because each of them is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §

541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

40. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant White, Gebhardt, and Stewart's unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

41. Defendant White, Gebhardt, and Stewart's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

42. Defendants failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant White, Gebhardt, and Stewart failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, the Defendant adjusters did not communicate that any future settlements or

10

payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

43. Defendant White, Gebhardt, and Stewart's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

44. Defendant White, Gebhardt, and Stewart did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof damage, although reported by Plaintiffs to Liberty Mutual. The adjuster's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II. Causes of Action Against Liberty Mutual

45. Liberty Mutual intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

11

### A.    Breach of Contract

46.   Liberty Mutual breached the contract of insurance it had with Plaintiffs. Liberty Mutual breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices

47.   Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

48.   Defendant Liberty Mutual's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

49.   Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Liberty Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

50.   Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

51. Defendant Liberty Mutual's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

52. Defendant Liberty Mutual's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

53. Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

54. Liberty Mutual failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

55. Liberty Mutual failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

56. Liberty Mutual delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.  Breach of the Duty of Good Faith and Fair Dealing**

57. Liberty Mutual breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.  Knowledge**

58. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

59. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

60. The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

61. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

62. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have

been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

63. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

64. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

65. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

66. Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## PRAYER

67. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed

by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

                              Respectfully submitted,

By: *[signature]*

**Andrew A. Woellner**
SBN: 24060850
Federal ID No: 876537
**THE POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Emails: awoellner@potts-law.com

**ATTORNEY FOR PLAINTIFFS**