IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMET WFW LIMITED PARTNERSHIP, ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:17-CV-615-A |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL., | § § § | |
| Defendants. | § | |

ORDER

As noted in the court's order signed September 13, 2017, Doc.[1] 14, this action was brought before the court by notice of removal filed by defendants, Liberty Mutual Fire Insurance Company ("Liberty"), Erika Gebhardt ("Gebhardt"), Craig White ("White"), and Steve Stewart ("Stewart"). Doc. 1. Defendants contended that removal was proper based on diversity and that the individual defendants had been improperly joined. However, defendants did not file a motion to dismiss plaintiffs' claims against the individual defendants.

The court was not able to determine whether its jurisdiction had been properly invoked inasmuch as defendants had not properly alleged the citizenship of plaintiffs, Armet WFW Limited Partnership and Havener Rupert, Ltd. Accordingly, the court required defendants to file a supplement to their notice of

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

removal to provide the necessary information. Doc. 14. The court has received and reviewed the supplement to defendants' notice of removal, which reflects that plaintiffs are citizens of the State of Texas. Doc. 15. Thus, if defendants are correct that Gebhardt was improperly joined, the court has diversity jurisdiction over this matter.[2]

The court ordered the parties to file amended pleadings in keeping with the rules applicable in federal court. Doc. 12. On September 12, 2017, plaintiffs filed their amended complaint, stating that the court "has jurisdiction over this controversy." Doc. 13 at 2, ¶ 7. Of course, diversity jurisdiction would not exist if Gebhardt was a proper party, since she and plaintiffs are alleged to be citizens of the State of Texas. So, plaintiffs either have no understanding of diversity jurisdiction or plaintiffs never seriously asserted claims against the individual defendants.

Ordinarily, prior to ordering the parties to replead, the court would have signed an order disposing of the claims against the individual defendants if the court reached the conclusion that they had been improperly joined. That did not occur in this case, so the court is now taking that step. The joinder of local

---

[2]Defendants also contend that White and Stewart are improperly joined, but they are citizens of the State of Pennsylvania and their being parties would not destroy diversity.

claims adjustors in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction has become a popular tactic.[3] After a study of plaintiffs' state court pleading, and a review of applicable authorities, for essentially the same reasons given in the cases cited in footnote 3 why the claims adjustors were improperly joined in those cases, the court concluded that plaintiffs named the individual defendants in this action for the purpose of attempting to defeat federal court jurisdiction. The individual defendants were improperly joined. None of the claims asserted against the individual defendants would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that their citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the court has concluded, for the same reason, that the claims against those defendants should be dismissed.

The court ORDERS that plaintiffs' claims against Gebhardt, White, and Stewart be, and are hereby, dismissed.

---

[3] See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against said defendants.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Liberty is the only defendant.

SIGNED September 26, 2017.

_____
JOHN MCBRYDE
United States District Judge

4